is taken under advisement. We'll move to the last case of the day. United States v. Raney, number 15-3574. Mr. Donovan. Thank you, your honor, and may it please the court and opposing counsel, I also am fighting off a cold, as you can hear, even worse than the other counsel. We're getting to that season. I have two small children, so. As we all know, under 18 U.S.C. 3553A, district courts are to impose a sentence sufficient but not greater than necessary to comply with the purposes laid out later in the statute. To ensure that this mandate is followed, this court requires district courts to say enough on the record to make certain that it considered and applied all the 3553A factors that's relevant to the particular facts of the case and to the particular characteristics of the case. It was remanded once before because the district court did not say enough to justify its sentence, and we contended again did not say enough at the resentencing last November to justify why it imposed the maximum of two years of supervised release in this case. So at the first revocation hearing, I'm sorry, the first sentencing hearing, the court just merely recited three factors to hold him accountable for his violations, to protect the community, and to provide for specific and general deterrence. Again, this court held previously that those, just citing those factors without applying them, weren't enough and remanded. Here, the court does basically no more than it did the first time. It only recites what his violations were. It doesn't explain how or why they called for the maximum of two years. It says that it's concerned about Mr. Rainey falling back into habits that are a great danger to the community, but again doesn't say what these habits are. Mr. Donovan, the thing that concerns me about this argument is that the critical passage seems to come at pages 36 and 37 of the sentencing transcript, where the district judge sums up that thinking. What concerns me is that that comes after some pretty detailed discussions about the defendant's record of non-compliance with earlier supervised release, as well as the judge's expression that he'd be willing to shorten this if the defendant can improve his track record on supervision. That, in context, you know, coming after everything that went before, that seems like, I feel like I've got a pretty good idea of why he did what he did. Is that not sufficient? I think in this case it's not sufficient because the prior discussion were really just about tailoring certain conditions, which we don't quarrel with most of the conditions. No, but I mean, well, that's true, but in the discussion about why those conditions were being imposed and why they were being tailored the way they were, we get a lot of insight from the district judge's thinking. That's true, but I don't think we get a lot of insight into, again, why it's imposing the maximum of two years, and in fact there's other comments that the court makes that really undercuts why the maximum would be necessary. For example, the court mentions in passing Mr. Rainey's past substance abuse history, but at the same time notes he now has a stable job, a stable residence, and has tested negative for all illegal drugs every time he's been tested. So I understand what Your Honor is saying, that there was a lot of discussion about different particular conditions which aren't an issue for appeal, but none of that, from our perspective, really went towards, again, why he had to impose the maximum of two years. So what we're ultimately asking this court to do is to just reiterate that while the 3553A factors don't have to be addressed in a checklist fashion, they also can't just be mentioned as catchwords, meaning that the court says what a couple of the factors are, but without actually applying and considering the different factors. I just want to talk briefly about the standard condition of Supervision 11 that was imposed. I think it's clear under Bickert, which was decided after Mr. Rainey's last resentencing, that this court has held that that rule is vague. Now it wasn't raised below, but we think it should be corrected on plain error because it does potentially subject him to future revocation and future imprisonment. And we also don't think that this argument is waived because, as I mentioned, Bickert was decided after his resentencing, and so I think it counts as intervening authority. And also, Thompson criticized that condition, but Thompson did not actually hold that it was vague until Bickert. And regardless of whether or not this court believes that he waived by failing to object, the Due Process Clause can still allow this court to review it when a condition is so vague that no reasonable person could know what conduct is permitted and what is prohibited. Could you address our where we have said, in essence, look, if the defendant has notice of the conditions and then objects to some, we'll treat his silence as to others as acceptance. I think that those cases can be distinguished because, and I went back and I was just looking at this just now, Mr. Rainey and his counsel got notice of the proposed conditions the day of sentencing. This is at pages 3 and 4 of the transcript. They didn't ask for continuance and they raised plenty of objections. That's true, that's true, but I think that it is a little bit more, it's a little different than the cases that you had just cited where there was more than enough notice, they had enough time, I guess, to talk about things. I do think, you know, it's questionable if the attorney had enough time to go through that with them. So we do think that that condition should be corrected, again, if for no other reason than under the Due Process Clause, even if the court finds waiver, and we do ask for a re-sentencing for all other reasons I already argued. I'll save the rest of my time for rebuttal. Thank you, Mr. Guffin. Ms. Duschman? Good morning, Your Honors. May it please the court, my name is Meredith Duschman and I represent the appellee of the United States in this case. As the court has noted, the defendant has again appealed from an order revoking the supervised release. This time the appeal does focus only on a sentence. The first claim is a claim of procedural error and the second relates to the notification of risk condition. I'd like to just briefly address each in turn. Before I do that, though, I just want to answer the question that the court was alluding to, which was the providing the conditions ahead of time. The conditions were actually provided through an ECF filing. It was an addendum that was prepared in preparation for the re-sentencing and it was prepared a couple weeks before sentencing. So in terms of notice, the court certainly provided notice on ECF. What happened was that the sentencing is that defense counsel said he just hadn't gotten it off of PACER and so the court asked specifically, are you prepared to go forward? And the defendant said, and the defendant's attorney both said yes. So I don't think that there's any notice issue here. With regard to the allegation of procedural error, I just think here when you look at the totality of the record, it shows that in re-sentencing Mr. Rainey, the district court acted completely consistent with the court's remand instructions and consistent with the goals of Thompson. Mr. Rainey just asked the court to read this record too narrowly, focusing on a very short, a small portion of what is an otherwise lengthy transcript. I do think it's really unfair here to the district court to try and consider this re-sentencing in a vacuum. The district court had already conducted two full revocation hearings with Mr. Rainey and now he was before him again at a re-sentencing and each time he was before the court, the court had expressed the same concerns about his continued non-compliance and the need to protect the community. And then at the re-sentencing, as the court already alluded to, the district court really went through some in painstaking detail every one of Mr. Rainey's objections to the proposed conditions and the term of supervised release and responded with tailored reasons for exercising discretion. The court made an individualized assessment based on the unique circumstances of Mr. Rainey's case and determined that 24 months was appropriate. You've got a judge who has extensive experience with Mr. Rainey and tailored the conditions to take into consideration the circumstances that were in existence at the time, including his appointment obligations, his treatment needs, the goals of supervised release. I just don't think you get any more tailored than that under the instructions the court's supposed to follow in Thompson. And as the court  said several times, to please petition the court if he felt like his compliance had improved and he was willing to shorten the time and even actually gave him credit for the time he'd already served on supervised release since the court reversed. I just don't think under the total record that the court committed procedural error here. With regard to the notification of risk provision, it is our position that the defendant waive the argument. However, the defendant can have the condition corrected even if the court finds waiver. Because once this court rules and the district court retains jurisdiction, the defendant can move the district court to have the condition corrected consistent with Bickert and Miller under 18 United States Code section 3583E2. So even if the court finds waiver, he has a remedy in the district court. And as the United States set forth in its brief, we have to concede that if you don't find he waived it, it is plain error under Bickert. So the bottom line here is that the defendant has a remedy as to the notification of risk provision either way. And unless the court has additional questions, the United States would ask you to affirm. Thank you counsel. Mr. Donovan, any rebuttal? All right. And Mr. Donovan, you took this case by court appointment. Thank you for your services to your client and to the court and thanks to the government as well for its able representation. The case will be taken under advisement. Court will be in recess.